IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERGO (EUROPE) AB<br>Strandridaregatan 8<br>Box 1010<br>231 25 Trelleborg<br>Sweden,<br><br>    Plaintiff,<br><br>    v.<br><br>UNILIN BEHEER B.V.<br>Hoogeveenenweg 28<br>2913 LV Nieuwerkerk Ad Ijssel<br>Netherlands,<br><br>    Defendant. | § § § § § § § § § § § § § § § § §   Civil Action No. 1:08-cv-00659 |

**DEFENDANT UNILIN'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

**I.   INTRODUCTION**

The Complaint in this action by Plaintiff Pergo (Europe) AB ("Pergo") is fatally deficient. Pergo's Complaint asserts that eight patents owned by Unilin Beheer B.V. ("Unilin") are invalid because they interfere with certain Pergo patents under 35 U.S.C. § 291 ("Section 291"). In simple terms, two patents interfere when patent claims[1] from the two patents define the same invention. However, Pergo's Complaint does not identify a single patent claim from a Unilin patent that interferes with a patent claim from a Pergo patent. Without that minimum level of detail, Pergo's Complaint cannot provide fair notice of its interference claims, nor the grounds on which it relies. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

---

[1] Patent claims are the numbered paragraphs at the end of a patent that define the scope of patent protection.

It is well-settled that, under Section 291, you must compare individual patent claims, not entire patent disclosures. *Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1083 (Fed. Cir. 1988). That is because the claims of a patent define the scope of protection, not the disclosure. Identifying which patent claims interfere is a jurisdictional requirement – a district court has no jurisdiction under Section 291 unless claims of different patents are shown to interfere (*i.e.*, an "interference-in-fact"). *Albert v. Kevex Corp.*, 729 F.2d 757, 760-61 (Fed. Cir. 1984).

Although Pergo's Complaint asserts twelve separate counts of a Unilin patent interfering with a Pergo patent, Pergo does not identify even a single claim in a Unilin patent as interfering with, or defining the same invention as, any claim of a Pergo patent. The Complaint appears to allege generally that all eight Unilin patents and four Pergo patents, having 320 patent claims among them, describe a single invention. Compl. ¶¶ 42-49. Pergo does not, however, allege that every Unilin patent interferes with every Pergo patent. Instead, for each Unilin patent, Pergo selects one or two Pergo patents according to some undisclosed criteria. Even putting aside the substantial factual detail necessary to establish jurisdiction under Section 291, Pergo's Complaint does not provide fair notice of Pergo's interference claims, and their basis, because it does not identify any particular interfering patent claims. Thus, Pergo's Complaint is deficient and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## II.   FACTS

### A. Allegations in Pergo's Complaint

Pergo's Complaint has twelve counts, each count asserting that a Unilin patent interferes with a Pergo patent. Compl. ¶¶ 64-99. In all, Pergo alleges that eight Unilin patents interfere with four Pergo patents. *See id.* ¶¶ 33-41, ¶¶ 21-25. The eight Unilin patents have a total of 221 claims while the four Pergo patents have a total of 99 claims.

The twelve counts in the Complaint allege that the following patents interfere:

| Pergo Patent | Unilin Patents |
|---|---|
| 6,418,683 | 6,006,486 (Count I)<br>6,490,836 (the "'836 patent") (Count III)<br>6,874,292 (the "'292 patent") (Count V)<br>6,955,020 (Count VII) |
| 6,011,778 | The '836 patent (Count II)<br>The '292 patent (Count IV)<br>7,040,068 (the "'068 patent") (Count IX)<br>7,328,536 (the "'536 patent") (Count XI) |
| 6,397,547 | The '536 patent (Count XII)<br>6,928,779 (Count VI) |
| 6,421,970 | The '068 patent (Count X)<br>6,993,877 (Count VIII) |

As the above table shows, not every Unilin patent is alleged to interfere with every Pergo patent. For each count, the Complaint alleges that one Unilin patent interferes with a Pergo patent because "at least one claim of each patent claims the same or substantially the same subject matter." *E.g., id.* ¶ 65. The Complaint does not identify any particular interfering claims, nor does it describe the relevant subject matter for each count. *Id.*

The Complaint includes a section titled, "The Pergo And Unilin Patents Are Directed To Substantially The Same Subject Matter." *Id.* ¶¶ 42-49. In this section, the Complaint portrays all twelve Unilin and Pergo patents as describing the same invention. *Id.* The Complaint also appears to allege that the claims of all twelve patents cover the same subject matter: "The Pergo Patents and the Unilin Patents claim substantially the same invention." *Id.* ¶ 42. The Complaint does not explain why only certain Unilin patents are alleged to interfere with certain Pergo patents.

3

The Complaint concludes with a Prayer for Relief requesting judgments that the eight Unilin patents are invalid, again without specifying any particular claims. Compl. at Prayer For Relief ¶¶ (i)-(xxxiv).

## III.    ARGUMENT

### A. Legal Standard For Pleading

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In finding an antitrust complaint deficient, the Supreme Court explained that the purpose of Rule 8(a)(2) was to "give defendants fair notice of what the . . . claim is and the ground upon which it rests." *Twombly*, 127 S. Ct. at 1964 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Supreme Court added:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Without some factual allegations in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at 1964-65, 1965 n.3 (citations omitted). The allegations must "raise a right to relief above the speculative level." *Id.* at 1965. Thus, *Twombly* holds that a pleading must express a "plausible entitlement to relief." *Id.* at 1967. There must be more than a mere "possibility" that the factual allegations create a basis for judgment. *See id.* at 1966. While *Twombly* arose in an antitrust context, it has been applied to patent pleadings. *See, e.g., McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1361 (Fed. Cir. 2007).

4

### B. Required Elements of a Section 291 Claim

Section 291 provides a cause of action in which a patent owner can assert that another's patent is invalid because the inventions claimed by their respective patents "interfere." Two patents interfere when they have claims that define the same patentable invention. *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 930, 934 (Fed. Cir. 2003). The ***claims*** of the patents must be compared, not just the disclosures. *See Advance Transformer*, 837 F.2d at 1083 ("It is thus correct, and necessary, to compare claims, not disclosures, when comparing issued patents under section 291."). If claims from two patents are found to interfere, the court determines which interfering patent claims survive by determining which were invented first. *See Medichem*, 353 F.3d. at 935.

The existence of an "interference-in-fact" is a jurisdictional requirement for a Section 291 action. *Albert*, 729 F.2d at 760-61. A court does not have subject matter jurisdiction to adjudicate under Section 291 until an interference-in-fact is first established by the complainant. *Id.* An interference-in-fact is established through a "two-way test," in which each pair of allegedly interfering patent claims is analyzed to determine if they cover or define the same patentable invention. *Medichem*, 353 F.3d at 934. Under this test, the patent claims interfere if one claim, assuming it is prior art, would anticipate or render obvious the other claimed invention and *vice versa. See* 37 C.F.R. § 41.203(a). Thus, to analyze whether an interference-in-fact exists, you must start with the particular patent claims alleged to interfere.

### C. Pergo's Complaint Fails To Provide Sufficient Detail To Support A Legal Claim Under Section 291

Pergo's Complaint cannot support an action under Section 291 because Pergo does not specifically identify any patent claims that allegedly interfere – a required element for a Section

5

291 claim. The Complaint does not give fair notice of what Pergo alleges to interfere, nor the basis for Pergo's allegations, and thus must be dismissed. *See Twombly*, 127 S. Ct. at 1964.

Other courts have dismissed complaints in similar circumstances. In *Alberta Telecommunications Research Center v. Rambus Inc.*, the court dismissed an interference count because Alberta's allegations in its complaint were insufficient. No. C-06-02595, 2006 U.S. Dist. LEXIS 81093, at *11-12 (N.D. Cal. Oct. 24, 2006). Alberta's complaint alleged:

> (1) Third-party intellectual property analyses have shown the similarities between the subject matter of the [Alberta] . . . patents on the one hand, and the subject matter of the Rambus '703 and '804 patents, on the other hand, and
>
> (2) In a similar fashion to the Rambus '703 patent, claim 1 of the [Alberta] patent anticipates and/or renders obvious the claims of the Rambus '804 patent, and *vice versa*. As such, there is an interference-in-fact between those claims as well.

*Id.* at *11. The court held that these "conclusory allegations" were "insufficient to show an interference-in-fact exists between any *particular* claim in [Alberta's] patent and any *particular* claim in [Rambus'] '804 patent." *Id.* at *12 (emphasis added). It then granted Rambus' motion to dismiss the interference claim against the '804 patent for failure to state a claim.

Likewise, the court in *Pechiney Plastic* dismissed a Section 291 claim where the plaintiffs made only a general allegation that the subject matter of the invention set forth in its patent claims was the same as the subject matter set forth in the defendants' patent claims. *Pechiney Plastic Packaging, Inc. v. Viskase Cos., Inc.*, No. 00-C-0280, 2000 U.S. Dist. LEXIS 10195, at *7 (N.D. Ill. May 19, 2000). The court determined that the plaintiffs did not establish a single interfering claim, and, therefore, dismissed the interference claim under 12(b)(1) since it had no subject matter jurisdiction to decide the issue. *Id.* at *7, *12.

In short, a comparison of patent claims is necessary. *Advance Transformer*, 837 F.2d at 1083. Pergo's Complaint fails to make any comparison of the patent claims, and thus fails to

6

provide fair notice of any interference under Section 291, let alone allege sufficient facts to support an interference-in-fact. Pergo's discussion in the complaint of all the Unilin and Pergo patents disclosing similar subject matter cannot suffice to support Pergo's twelve interference counts. *See* Compl. ¶¶ 42-49. In fact, those broad allegations stand in direct contrast to Pergo's twelve counts asserting, by some undisclosed rationale, that only certain patents interfere. Thus, Pergo's Complaint fails to provide fair notice of its interference claims, and their basis, and should be dismissed under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Unilin Beheer B.V. respectfully requests that this Court dismiss with prejudice Pergo (Europe) AB's Complaint under Fed. R. Civ. P. 12(b)(6).

May 27, 2008                               Respectfully submitted,

By: *David P. Murray*
David P. Murray
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
E-mail: dmurray@willkie.com
D.C. Bar No. 401158

John M. DiMatteo
Eugene L. Chang
David D. Lee
Ketan Pastakia
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
jdimatteo@willkie.com
echang@willkie.com
dlee1@willkie.com
kpastakia@willkie.com

**ATTORNEYS FOR DEFENDANT UNILIN BEHEER B.V.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this May 27, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule LCvR 5.3. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

By: *David P. Murray*
David P. Murray
For Defendant Unilin Beheer B.V.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PERGO (EUROPE) AB<br>Strandridaregatan 8<br>Box 1010<br>231 25 Trelleborg<br>Sweden,<br><br>    Plaintiff,<br><br>    v.<br><br>UNILIN BEHEER B.V.<br>Hoogeveenenweg 28<br>2913 LV Nieuwerkerk Ad Ijssel<br>Netherlands,<br><br>    Defendant. | § § § § § § § § § § § § § § § § | Civil Action No. 1:08-cv-00659 |

**(PROPOSED) ORDER ON DEFENDANT UNILIN'S MOTION TO DISMISS**

Before the court for ruling is Defendant Unilin Beheer B.V.'s motion to dismiss this action. The Court finds such motion is well taken and grants the dismissal. It is, therefore,

ORDERED that this action is dismissed with prejudice.


SIGNED this _____ day of _____, 2008.


                                                                            _____
                                                                           United States District Judge