## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| PERGO (EUROPE) AB | ) |
| Strandridaregatan 8 | ) |
| Box 1010 | )    Civil Action No. 1:08-cv-00659 (RCL) |
| 231 25 Trelleborg | ) |
| Sweden, | ) |
| | ) |
|          Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Unilin Beheer B.V. | ) |
| Hoogeveenenweg 28 | ) |
| 2913 LV Nieuwerkerk Ad Ijssel | ) |
| Netherlands, | ) |
| | ) |
|          Defendant. | ) |

_____ )

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR

## FAILURE TO STATE A CLAIM

Plaintiff Pergo (Europe) AB ("Pergo") submits this Opposition Brief in response to the motion of defendant Unilin Beheer B.V. ("Unilin") to dismiss for failure to state a claim. For the reasons that follow, the motion should be denied.

## I.     INTRODUCTION

Pergo initiated this action on April 15, 2008, seeking a declaration pursuant to 35 U.S.C. § 291 that it is the "prior inventor" of certain technology covered by United States patents. Section 291 of the Patent Act empowers federal courts to determine priority of invention in cases where the claims of two or more issued patents are directed to the same or substantially the same subject matter. *See JJK Indus. V. Kplus Inc.*, 447 F. Supp. 2d 713, 722 n.1 (S.D. Tex. 2006). Such an overlap in subject matter, referred to as "interference-in-fact," must exist in order for the

Court to exercise subject matter jurisdiction over a § 291 action. *See, e.g., Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1161 (Fed. Cir. 2006) ("*Medichem II*"). Once an interference-in-fact, and thus subject matter jurisdiction, has been established, the district court can then rule on the issue of priority, *i.e.* which patent holder was the first to conceive of and reduce to practice the claimed invention. The court may also consider invalidity arguments regarding claims of the involved patents. 35 U.S.C. 291.

In accordance with the above-stated principles and with Fed. R. Civ. P. 8, Pergo's Complaint provided a short and plain description of the controversy between the parties, the technology at issue, the basis for Pergo's claim of prior inventorship, and specific aspects of the patented technology that overlap or "interfere." The twelve counts in Pergo's Complaint identify the pairings of Pergo and Unilin patents as to which Pergo contends that an interference-in-fact exists. As such, the Complaint properly put Unilin on notice of the bases for Pergo's patent interference claims.

Unilin's position that the Complaint should be dismissed for failure to state a claim is misplaced and must be rejected. While the burden ultimately rests on Pergo to establish the existence of an interference-in-fact, the law does not require that Pergo recite all facts supporting its claims and contentions within the four corners of the complaint. There is no heightened pleading requirement applicable to § 291 actions, such as would apply to allegations of fraud and the like. Rather, the notice pleading requirements of Fed. R. Civ. P. 8 apply to § 291 actions, including to aspects of the complaint relating to the existence of an interference-in-fact. *See Berger v. Ohio Table Pad Co.*, 539 F. Supp. 2d 1069, 1090 (N.D. Ind. 2008). As long as a § 291 complaint satisfies this minimal notice requirement, the case may proceed to

discovery, in the course of which the defendant may explore the complete facts underlying the allegations (including jurisdictional ones) in the complaint.

Notwithstanding its disagreement with the position taken in Unilin's motion, Pergo has filed, contemporaneously herewith, a First Amended Complaint. In the First Amended Complaint, Pergo has expanded upon its contentions with regard to the interfering patents and has identified specific claim pairings that Pergo contends are interfering. Pergo has done so solely to accelerate this proceeding, and in recognition of the fact that the law does require it to identify such claim pairings – just not necessarily in the complaint. Pergo respectfully submits that its submission of the First Amended Complaint moots Unilin's motion. Pergo further submits that this case should proceed expeditiously to a period of limited discovery on the interference-in-fact issue, to culminate, in six to nine months time, with written submissions and, with the Court's permission, a brief evidentiary hearing. Upon resolution of the instant motion by the Court, counsel for Pergo will meet and confer with counsel for Unilin to discuss the particulars of a discovery schedule.

## II.     UNILIN URGES AN INAPPROPRIATELY HIGH PLEADING REQUIREMENT

### A.     Pleading Requirements

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)); *accord McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 566 (Fed. Cir. 2007) (quoting *Twombly* in a patent infringement case). Rule 8 does not require a complaint to set forth detailed factual allegations. Indeed, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of

3

what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)) (quoting *Twombly*, 127 S. Ct. at 1965); *see also Twombly*, 127 S. Ct. at 1965 n.3 ("[F]or most types of cases, the Federal Rules eliminated the requirement that a claimant set out in detail the facts upon which he bases his claim.") (internal quotation marks omitted).  Thus, the Supreme Court has stated that "Rule 8(a)(2) . . . requires a 'showing' rather than a blanket assertion, of entitlement for relief." *Twombly*, 127 S. Ct. at 1965 n.3.  However, the extent of the "showing" required is limited to one adequate to give the defendant fair notice of what the claim is and the grounds for it.  *See Airborne Beepers & Video, Inc v. AT&T Mobility LLC*, 499 F.3d 663 (7th Cir. 2007).

Likewise, Rule 8 requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  Though Rule 8(a)(1), "requires more than simply alleging that jurisdiction exists or citing a federal statute," *Hagedorn v. Union Carbide Corp.*, 363 F. Supp. 1061, 1066 (N.D. W. Va. 1973), this requirement is not particularly daunting.  All that is required is that "[e]nough should be alleged in the statement of the claim to show that the action does arise under the statute on which it purports to be based."  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1210 (2008).

**B.    Requirements for a 35 U.S.C. § 291 Interference**

The existence of an interference-in-fact is a jurisdictional requirement for an interfering patent suit under 35 U.S.C. § 291.  *See, e.g.*, *Medichem II*, 437 F.3d at 1161 ("[T]he existence of an interference-in-fact is a jurisdictional requirement under . . . § 291."); *Albert v. Kevex Corp.*, 729 F.2d 757, 761 (Fed. Cir. 1984) ("[T]he court has no jurisdiction under § 291 unless interference is established.").  Thus, the establishment of an interference is a precondition to the district court's consideration of the issues of validity or priority.  *See Medichem II*, 437 F.3d at 1161 ("[B]ecause the existence of an interference-in-fact is a jurisdictional requirement

4

under 35 U.S.C. § 291, it was therefore a precondition to the district court's consideration of the priority issue."); *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 932 (Fed. Cir. 2003) ("*Medichem I*") ("Without first identifying an interference-in-fact . . ., a court has no jurisdiction to make a priority determination between two patents under § 291."); *Albert*, 729 F.2d at 760 ("Absent interference, a court has no power under § 291 to adjudicate the validity of any patent").

      The Federal Circuit holds that "interfering patents are patents that claim the same subject matter." *Advance Transformer Co. v. Levinson*, 837 F.2d 1081, 1084 (Fed. Cir. 1988); *accord Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1265 (Fed. Cir. 2002). Accordingly, the first step for the court in an interfering patent suit is to determine whether an interference-in-fact exists by asking whether the "patents have the same or substantially the same subject matter in similar form as that required by the PTO pursuant to . . . § 135." *Medichem II*, 437 F.3d at 1161. As stated by the Federal Circuit, "[a]n interference in fact exists when at least one claim of a party that is designated to correspond to a count and at least one claim of an opponent that is designated to correspond to the count define the same patentable invention." *Medichem I*, 353 F.3d at 934. (quoting the former Patent and Trademark Office (hereinafter "PTO") regulations).

      In determining whether two patents cover the same subject matter and thus are interfering, courts employ the two-way test for interference used by the PTO in interference proceedings. That test states that two patents interfere only if: (1) invention A either anticipates or renders obvious invention B, where Party A's claimed invention is presumed to be prior art vis-à-vis Party B <u>and</u> (2) invention B either anticipates or renders obvious invention A, where Party B's claimed invention is presumed to be prior art vis-à-vis Party A. *Medichem I*, 353 F.3d at 934 (quoting *Winter v. Fujita*, 53 U.S.P.Q.2d 1234, 1243 (Bd. Pat. App. & Int. 1999)); *accord*

*Medichem II*, 436 F.3d at 1161.  Thus, "the threshold issue under section 291 is whether the patents contain claims to the same subject matter."  *Advance*, 837 F.2d at 1084.

### C.    Pergo's Complaint Should Not be Dismissed in Light of the Case Law

Pergo does not dispute that it bears the ultimate burden of identifying the specific interfering claims and proving the existence of an interference-in-fact.  Rather, Pergo takes issue with Unilin's argument that a § 291 complaint is defective if it does not specifically identify the allegedly interfering claims and recite all the facts supporting the alleged interference.  Such a requirement would effectively impose a heightened pleading requirement in § 291 actions, requiring the plaintiff to conclusively prove its case as to interference-in-fact in its complaint.  Unilin's position exalts form over substance and finds no support in any statute, rule or case law.

Unilin relies principally on two district court cases, *Alberta Telecommunications Research Centre v. Rambus Inc.* ("*Alberta I*"), No. C-06-02595, 2006 U.S. Dist. LEXIS 81093 (N.D. Cal. Oct. 24, 2006) and *Pechiney Plastic Packaging, Inc. v. Viskase Cos.*, No. 00 C 0280, 2000 U.S. Dist. LEXIS 10195 (N.D. Ill. May 19, 2000), for its position that a complaint alleging that one patent interferes with another patent is insufficient absent a showing in the complaint that an interference-in-fact exists between particular claims of the two patents.  *Alberta I*, 2006 U.S. Dist. LEXIS 81093, at *11-12; *Pechiney*, 2000 U.S. Dist. LEXIS 10195, at *10-12.  Unilin misreads both cases.  Although *Alberta I* and *Pechiney* involve defendants challenging the existence of an interference-in-fact based on the plaintiffs' failure to identify specific interfering claims, neither *Alberta I*, nor *Pechiney*, nor any other case, states that a plaintiff's complaint is the sole opportunity for such identification.  In *Pechiney* the court dismissed the complaint because the plaintiff was unable to identify specific interfering claims in *any* context, not simply because the complaint did not include the required facts.  2000 U.S. Dist. LEXIS 10195, at *11-12 (quoting *Albert*, 729 F.2d at 761).  In *Alberta I*, the complaint included only "passing

references" to the relevant interference issue.  Upon a challenge by the defendant the court granted the plaintiff leave to amend its complaint to provide additional detail, including specific interfering claims.  2006 U.S. Dist. LEXIS 81093, at *15-17.  The amended complaint was merely one vehicle for conveying the required contentions.

## III.    THE COURT SHOULD ORDER THE PARTIES TO PROCEED WITH DISCOVERY

In the interest of expediting this action, Pergo has filed concurrently herewith its First Amended Complaint, which identifies particular pairings between the Pergo and Unilin patent claims that Pergo contends are interfering.[1]  Pergo submits that this First Amended Complaint gives Unilin more than fair notice of Pergo's interference claims, and moots any challenge to the sufficiency of Pergo's pleading.

Because Pergo has explicitly identified the interfering claims in the First Amended Complaint, any further challenge to the existence of an interference-in-fact should properly take place only following limited jurisdictional discovery.  Determination of whether patent claims interfere is not a straightforward matter, and will require the parties to exchange detailed contentions and engage in expert discovery.  Pergo believes that this discovery, together with briefing on the issue of interference-in-fact and culminating in a brief evidentiary hearing, could be completed within six to nine months.  As such, Pergo respectfully requests that the Court deny Unilin's motion and order the parties to meet and confer to formulate a discovery schedule and structure for the Court's consideration.

---

[1] Under Fed. R. Civ. P. 15(a)(1)(A), Pergo may file its First Amended Complaint "as a matter of course," without leave of Court.

## IV.    CONCLUSION

For the foregoing reasons, Pergo respectfully requests that the Court deny

Unilin's motion to dismiss, and order the parties to meet and confer on a discovery schedule.

Dated: June 9, 2008                            Respectfully submitted,

By: /s/ Richard L. Brusca

Richard L. Brusca
D.C. Bar No. 366746
SKADDEN, ARPS, SLATE
    MEAGHER & FLOM, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000
rbrusca@skadden.com

Edward V. Filardi
Douglas R. Nemec
SKADDEN, ARPS, SLATE
    MEAGHER & FLOM, LLP
Four Times Square
New York, NY 10036
(212) 735-3000
efilardi@skadden.com
dnemec@skadden.com

*Counsel for Plaintiff Pergo (Europe) AB*

## <u>CERTIFICATE OF SERVICE</u>

I, Richard L. Brusca, hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 9th day of June, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule LCvR 5.3.  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

By:     <u>/s/ Richard L. Brusca</u>
        Richard L. Brusca

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| PERGO (EUROPE) AB | ) |
| Strandridaregatan 8 | ) |
| Box 1010 | )   Civil Action No. 1:08-cv-00659 (RCL) |
| 231 25 Trelleborg | ) |
| Sweden, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Unilin Beheer B.V. | ) |
| Hoogeveenenweg 28 | ) |
| 2913 LV Nieuwerkerk Ad Ijssel | ) |
| Netherlands, | ) |
| | ) |
|         Defendant. | ) |

_____ )

### PROPOSED ORDER


Defendant Unilin Beheer B.V. moves to dismiss, pursuant to Rule 12 of the Federal

Rules of Civil Procedure, plaintiff Pergo (Europe) AB's Complaint.  Upon consideration of the

points and authorities offered in support of, and in opposition to, Defendant's motion, it is hereby

ORDERED that the motion be, and hereby is, DISMISSED in its entirety.


Dated this _____ day of _____ , 2008.


_____

United States District Judge