IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERGO (EUROPE) AB<br>Strandridaregatan 8<br>Box 1010<br>231 25 Trelleborg<br>Sweden,<br><br>            Plaintiff,<br><br>v.<br><br>Unilin Beheer B.V.<br>Hoogeveenenweg 28<br>2913 LV Nieuwerkerk Ad Ijssel<br>Netherlands,<br><br>            Defendant. | Civil Action No. 1:08-cv-00659 (RCL) |

### PLAINTIFF PERGO (EUROPE) AB'S ANSWER TO COUNTERCLAIM OF DEFENDANT UNILIN BEHEER B.V.

Plaintiff Pergo (Europe) AB ("Pergo") hereby responds to the allegations contained in the Answer and Counterclaims for Declaratory Judgment ("Counterclaim") filed by Defendant Unilin Beheer B.V. ("Unilin") as follows:

1. Paragraphs 1 through 370 of Unilin's Counterclaim contain Unilin's answers to Pergo's First Amended Complaint and are not believed to contain any allegations. To the extent there are allegations in paragraphs 1 through 370 of Unilin's Counterclaim, Pergo denies them.

2. Paragraph 371 of Unilin's Counterclaim only introduces the requested relief and is not believed to contain any allegations. To the extent that paragraph 371 of Unilin's Counterclaim contains allegations, Pergo denies them.

3. Pergo admits the allegations in paragraph 372 of Unilin's Counterclaim.

1

4. Pergo admits the allegations in paragraph 373 of Unilin's Counterclaim.

5. Pergo admits the allegations in paragraph 374 of Unilin's Counterclaim.

6. In response to paragraph 375 of Unilin's Counterclaim, Pergo admits that Unilin purports to bring its Counterclaim for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 100 et seq., respectively.  Pergo admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338 and 2201.  To the extent that paragraph 375 of Unilin's Counterclaim contains any other allegations, Pergo denies them.

7. Pergo admits the allegations set forth in paragraph 376 of Unilin's Counterclaim.

## COUNT I
### (Invalidity of the '778 Patent)

8. Paragraph 377 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

9. Pergo denies the allegations set forth in paragraph 378 of Unilin's Counterclaim.

## COUNT II
### (Invalidity of the '547 Patent)

10. Paragraph 379 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

11. Pergo denies the allegations set forth in paragraph 380 of Unilin's Counterclaim.

12. In response to paragraph 381 of Unilin's Counterclaim, Pergo denies that claims 1 and 32 of the '547 patent were found invalid by a jury on December 12, 2007. Pergo admits that claims 1 and 32 of the '547 patent were found invalid by a jury on December 13, 2007, in Civil Case No. 02-C-0736 (E.D. Wis.). Pergo further responds that the District Court for the Eastern District of Wisconsin has not, as of July 16, 2008, entered any judgment of invalidity based upon the jury's findings. Pergo otherwise denies the allegations set forth in paragraph 381.

## COUNT III
### (Invalidity of the '683 Patent)

13. Paragraph 382 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

14. Pergo denies the allegations set forth in paragraph 383.

## COUNT IV
### (Invalidity of the '970 Patent)

15. Paragraph 384 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

16. Pergo denies the allegations set forth in paragraph 385 of Unilin's Counterclaim.

17. In response to paragraph 386 of Unilin's Counterclaim, Pergo denies that claims 1, 4, 7, 10, 11 and 12 of the '970 patent were found invalid by a jury on December 12, 2007. Pergo admits that claims 1, 4, 7, 10, 11 and 12 of the '970 patent were found invalid by a jury on December 13, 2007, in Civil Case No. 02-C-0736 (E.D. Wis.). Pergo further responds

that the District Court for the Eastern District of Wisconsin has not, as of July 16, 2008, entered any judgment of invalidity based upon the jury's findings. Pergo otherwise denies the allegations set forth in paragraph 386.

## COUNT V
### (Unenforceability of the Mårtensson '778 Patent)

18.  Paragraph 387 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

19.  Pergo denies the allegations set forth in paragraph 388 of Unilin's Counterclaim. Pergo notes that Unilin's Fifth Affirmative Defense includes sub-paragraphs "a" through "hh"; Pergo further notes that Unilin has only incorporated sub-paragraphs "a" through "gg" into paragraph 388. Pergo assumes that Unilin intended to incorporate all of the sub-paragraphs from its Fifth Affirmative Defense into paragraph 388. With respect to the allegations from Unilin's Fifth Affirmative Defense that Unilin has intended to incorporate by reference in paragraph 388, Pergo responds as follows:

   a.  Pergo admits the allegations set forth in sub-paragraph (a) of Unilin's Fifth Affirmative Defense.

   b.  Pergo admits the allegations set forth in sub-paragraph (b) of Unilin's Fifth Affirmative Defense.

   c.  Pergo denies the allegations set forth in sub-paragraph (c) of Unilin's Fifth Affirmative Defense.

   d.  Pergo denies the allegations set forth in sub-paragraph (d) of Unilin's Fifth Affirmative Defense.

e.  In response to sub-paragraph (e) of Unilin's Fifth Affirmative Defense, Pergo admits that the Perván PCT application was published on November 24, 1994. Pergo otherwise denies the allegations set forth in sub-paragraph (e) of Unilin's Fifth Affirmative Defense.

f.  In response to sub-paragraph (f) of Unilin's Fifth Affirmative Defense, Pergo admits that the Perván Swedish Application was published on October 17, 1994. Pergo otherwise denies the allegations set forth in sub-paragraph (f) of Unilin's Fifth Affirmative Defense.

g.  Pergo denies the allegations set forth in sub-paragraph (g) of Unilin's Fifth Affirmative Defense.

h.  Sub-paragraph (h) of Unilin's Fifth Affirmative Defense calls for a legal determination to which no answer is required. To the extent that sub-paragraph (h) of Unilin's Fifth Affirmative Defense contains allegations, Pergo denies them.

i.  Pergo denies the allegations set forth in sub-paragraph (i) of Unilin's Fifth Affirmative Defense.

j.  Pergo denies the allegations set forth in sub-paragraph (j) of Unilin's Fifth Affirmative Defense.

k.  Pergo denies the allegations set forth in sub-paragraph (k) of Unilin's Fifth Affirmative Defense.

l.  Pergo admits the allegations set forth in sub-paragraph (l) of Unilin's Fifth Affirmative Defense.

m.  Pergo admits the allegations set forth in sub-paragraph (m) of Unilin's Fifth Affirmative Defense.

n.  Pergo denies the allegations set forth in sub-paragraph (n) of Unilin's Fifth Affirmative Defense.

o.  Pergo admits the allegations set forth in sub-paragraph (o) of Unilin's Fifth Affirmative Defense.

p.  Sub-paragraph (p) of Unilin's Fifth Affirmative Defense calls for a legal determination to which no answer is required.  To the extent that sub-paragraph (p) of Unilin's Fifth Affirmative Defense contains allegations, Pergo denies them.

q.  Pergo admits the allegations set forth in sub-paragraph (q) of Unilin's Fifth Affirmative Defense.

r.  Pergo denies the allegations set forth in sub-paragraph (r) of Unilin's Fifth Affirmative Defense.

s.  Pergo denies the allegations set forth in sub-paragraph (s) of Unilin's Fifth Affirmative Defense.

t.  In response to sub-paragraph (t) of Unilin's Fifth Affirmative Defense, Pergo admits that a document entitled "Respondent Pergo, Inc.'s Identification of Prior Art" was not cited to the PTO during prosecution of the '547 and '970 patents.  Pergo denies each and every other allegation set forth in sub-paragraph (t) of Unilin's Fifth Affirmative Defense.

u.  Pergo denies the allegations set forth in sub-paragraph (u) of Unilin's Fifth Affirmative Defense.

v.  Pergo admits the allegations set forth in sub-paragraph (v) of Unilin's Fifth Affirmative Defense.

w. In response to sub-paragraph (w) of Unilin's Fifth Affirmative Defense, Pergo admits that Piodi was published on April 29, 1959. Pergo otherwise denies the allegations set forth in sub-paragraph (w) of Unilin's Fifth Affirmative Defense.

x. Pergo admits the allegations set forth in sub-paragraph (x) of Unilin's Fifth Affirmative Defense.

y. Pergo denies the allegations set forth in sub-paragraph (y) of Unilin's Fifth Affirmative Defense.

z. Pergo admits the allegations set forth in sub-paragraph (z) of Unilin's Fifth Affirmative Defense.

aa. Pergo denies the allegations set forth in sub-paragraph (aa) of Unilin's Fifth Affirmative Defense.

bb. Pergo denies the allegations set forth in sub-paragraph (bb) of Unilin's Fifth Affirmative Defense.

cc. In response to sub-paragraph (cc) of Unilin's Fifth Affirmative Defense, Pergo admits that Aoki was not disclosed during the prosecution of the '547 patent. Pergo denies the remaining allegations set forth in sub-paragraph (cc).

dd. Pergo admits the allegations set forth in sub-paragraph (dd) of Unilin's Fifth Affirmative Defense.

ee. Pergo admits the allegations set forth in sub-paragraph (ee) of Unilin's Fifth Affirmative Defense.

ff. Pergo admits the allegations set forth in sub-paragraph (ff) of Unilin's Fifth Affirmative Defense.

gg. In response to sub-paragraph (gg) of Unilin's Fifth Affirmative Defense, Pergo admits that this statement was among the statements made in the Notice of Opposition. Pergo otherwise denies the allegations set forth in sub-paragraph (gg) of Unilin's Fifth Affirmative Defense.

hh. Pergo denies the allegations set forth in sub-paragraph (hh) of Unilin's Fifth Affirmative Defense.

## COUNT VI
### (Unenforceability of the Mårtensson '547 Patent)

20. Paragraph 389 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

21. Paragraph 390 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

## COUNT VII
### (Unenforceability of the Mårtensson '683 Patent)

22. Paragraph 391 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

23. Pergo denies the allegations set forth in paragraph 392 of Unilin's Counterclaim. Paragraph 392 incorporates by reference the allegations contained in Unilin's Sixth Affirmative Defense. In paragraph 19 of this Answer, Pergo responded to the allegations contained in Unilin's Fifth Affirmative Defense, and Pergo incorporates those responses by reference. As to the additional allegations set forth in sub-paragraphs (a)–(o) of Unilin's Sixth

Affirmative Defense that Unilin has incorporated by reference in paragraph 392, Pergo responds as follows:

    a. Pergo admits the allegations set forth in sub-paragraph (a) of Unilin's Sixth Affirmative Defense.

    b. Pergo admits the allegations set forth in sub-paragraph (b) of Unilin's Sixth Affirmative Defense.

    c. Pergo denies the allegations set forth in sub-paragraph (c) of Unilin's Sixth Affirmative Defense.

    d. Sub-paragraph (d) of Unilin's Sixth Affirmative Defense calls for a legal determination to which no answer is required. To the extent that sub-paragraph (d) of Unilin's Sixth Affirmative Defense contains allegations, Pergo denies them.

    e. Sub-paragraph (e) of Unilin's Sixth Affirmative Defense calls for a legal determination to which no answer is required. To the extent that sub-paragraph (e) of Unilin's Sixth Affirmative Defense contains allegations, Pergo denies them.

    f. Pergo denies the allegations set forth in sub-paragraph (f) of Unilin's Sixth Affirmative Defense.

    g. Pergo denies the allegations set forth in sub-paragraph (g) of Unilin's Sixth Affirmative Defense.

    h. In response to sub-paragraph (h) of Unilin's Sixth Affirmative Defense, Pergo admits that Aoki was identified in the document entitled "Respondent Pergo, Inc.'s Identification of Prior Art" that Pergo filed in the Pervan ITC Litigation. Pergo further admits that Aoki was not cited during the prosecution of the '970

patent application. Pergo denies each and every other allegation in sub-paragraph (h).

i. Pergo denies the allegations set forth in sub-paragraph (i) of Unilin's Sixth Affirmative Defense.

j. Pergo admits the allegations set forth in sub-paragraph (j) of Unilin's Sixth Affirmative Defense.

k. Pergo denies the allegations set forth in sub-paragraph (k) of Unilin's Sixth Affirmative Defense.

l. Pergo denies the allegations set forth in sub-paragraph (l) of Unilin's Sixth Affirmative Defense.

m. Pergo denies the allegations set forth in sub-paragraph (m) of Unilin's Sixth Affirmative Defense.

n. In response to the allegations set forth in sub-paragraph (n) of Unilin's Sixth Affirmative Defense, Pergo admits that the jury in the Wisconsin Litigation found that claims 1 and 4 of the '970 patent were invalid for failure to set forth the best mode. The Court in the Wisconsin Litigation has not, as of July 16, 2008, entered judgment that either claim 1 or 4 of the '970 patent is invalid for failure to satisfy the best mode requirement. Pergo denies each and every other allegation set forth in sub-paragraph (n) of Unilin's Sixth Affirmative Defense.

o. Pergo denies the allegations set forth in sub-paragraph (o) of Unilin's Sixth Affirmative Defense.

## COUNT VIII
### (Unenforceability of the Mårtensson '970 Patent)

24. Paragraph 393 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

25. Paragraph 394 of Unilin's Counterclaim is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

### **PRAYER FOR RELIEF ON UNILIN'S COUNTERCLAIM**

Pergo respectfully requests that in response to Unilin's Counterclaim, this Court:

1. Dismiss Unilin's Counterclaim with prejudice;

2. Adjudge that Unilin is not entitled to any relief;

3. Award to Pergo the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

                                                              Respectfully submitted,

Dated: July 16, 2008                        By:   /s/ Douglas R. Nemec\_\_\_
                                                              Douglas R. Nemec
                                                              Edward V. Filardi
                                                              Rachel R. Blitzer
                                                              James L. Leonard, Jr.
                                                              SKADDEN, ARPS, SLATE, MEAGHER &
                                                                   FLOM LLP
                                                             Four Times Square
                                                             New York, NY 10036
                                                             Telephone: (212) 735-3000
                                                             Facsimile: (212)735-2000
                                                             E-mail: dnemec@skadden.com;
                                                                      efilardi@skadden.com;
                                                                      rblitzer@skadden.com;
                                                                      jaleonar@skadden.com

                                                             and

                                                             /s/ Richard L. Brusca
                                                             Richard L. Brusca
                                                             D.C. Bar No. 366746
                                                             SKADDEN, ARPS, SLATE MEAGHER &
                                                                     FLOM LLP
                                                             1440 New York Avenue, N.W.
                                                             Washington, D.C. 20005
                                                             Telephone: (202) 371-7000
                                                             Facsimile: (202) 393-5760
                                                             E-mail: rbrusca@skadden.com

                                                             *Attorneys for Plaintiff and Counterclaim*
                                                             *Defendant, Pergo (Europe) AB*

## CERTIFICATE OF SERVICE

      I, Douglas R. Nemec, counsel for Pergo (Europe) AB do hereby certify that I electronically filed Plaintiff Pergo (Europe) AB's Answer to Counterclaim of Defendant Unilin Beheer B.V. with the Clerk of Court using the CM/ECF system and served a true and correct copy of the same via the court's electronic filing system to Counsel for Unilin Beheer B.V.

Dated: July 16, 2008            By:   /s/ Douglas R. Nemec___
                                                                      *For Plaintiff and Counterclaim Defendant,*
                                                                      *Pergo (Europe) AB*