# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERGO (EUROPE) AB<br>Strandridaregatan 8<br>Box 1010<br>231 25 Trelleborg<br>Sweden,<br><br>    Plaintiff,<br><br>v.<br><br>Unilin Beheer B.V.<br>Hoogeveenenweg 28<br>2913 LV Nieuwerkerk Ad Ijssel<br>Netherlands,<br><br>    Defendant. | )<br>)<br>) Civil Action No. 1:08-cv-00659 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DISCOVERY PLAN SUBMITTED
## JOINTLY BY THE PARTIES

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3, attorneys for Plaintiff and Counterclaim Defendant Pergo (Europe) AB ("Pergo") and attorneys for Defendant and Counterclaim Plaintiff Unilin Beheer B.V. ("Unilin") conferred commencing on July 31, 2008, and hereby submit the following proposed joint discovery plan and proposed scheduling order.

**I.    COUNSEL**

Attorneys for Pergo include the following:

>Edward V. Filardi
>Douglas R. Nemec
>Rachel R. Blitzer
>James L. Leonard, Jr.
>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
>Four Times Square
>New York, NY 10036
>Telephone: (212) 735-3000
>Facsimile: (212)735-2000
>E-mail: efilardi@skadden.com; dnemec@skadden.com;
>    rblitzer@skadden.com; jaleonar@skadden.com

>Richard L. Brusca
>D.C. Bar No. 366746
>SKADDEN, ARPS, SLATE MEAGHER & FLOM LLP
>1440 New York Avenue, N.W.
>Washington, D.C. 20005
>Telephone: (202) 371-7000
>Facsimile: (202) 393-5760
>E-mail: rbrusca@skadden.com

Attorneys for Unilin include the following:

>John M. DiMatteo
>Steven H. Reisberg
>Eugene L. Chang
>Leslie M. Spencer
>David D. Lee
>Fara S. Sunderji
>Ketan Pastakia
>WILLKIE FARR & GALLAGHER LLP
>484 Seventh Avenue
>New York, NY 10019
>Telephone: (212) 728-8000
>Facsimile: (212) 728-8111
>E-mail: jdimatteo@willkie.com; sreisberg@willkie.com;
>    echang@willkie.com; lspencer@willkie.com; dlee1@willkie.com;
>    fsunderji@willkie.com; kpastakia@willkie.com

David P. Murray
D.C. Bar No. 401158
WILLKIE FARR & GALLAGHER LLP
1845 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
E-mail: dmurray@willkie.com

**2.   BRIEF DESCRIPTION OF CASE**

This 35 U.S.C. § 291 ("Section 291") interfering patent suit concerns Pergo's contention that certain claims of four Pergo patents (U.S. Patent No. 6,101,778 ("the '778 patent"), U.S. Patent No. 6,397,547 ("the '547 patent"), U.S. Patent No. 6,418,683 ("the '683 patent"), and U.S. Patent No. 6,421,970 ("the '970 patent") (collectively, "the Pergo patents")) interfere with certain claims of eight Unilin patents (U.S. Patent No. 6,006,486 ("the '486 patent"), U.S. Patent No. 6,490,836 ("the '836 patent"), U.S. Patent No. 6,874,292 ("the '292 patent"), U.S. Patent No. 6,928,779 ("the '779 patent"), U.S. Patent No. 6,955,020 ("the '020 patent"), U.S. Patent No. 6,993,877 ("the '877 patent"), U.S. Patent No. 7,040,068 ("the '068 patent"), and U.S. Patent No. 7,328,536 ("the '536 patent") (collectively, "the Unilin patents")).  Pergo contends that it is the prior inventor of technology embodied in the allegedly interfering claims of the Unilin and Pergo patents, and thus the relevant claims of the Unilin patents should be held invalid.

Unilin contends that the claims of the Pergo and Unilin patents do not define the same invention (called an "interference-in-fact").  Unilin also denies that Pergo is the prior inventor of the claimed technology.  Further, Unilin has counterclaimed for invalidity and unenforceability of the Pergo patents, which Unilin contends would preclude the existence of an interference-in-

fact. The Pergo patents and the Unilin patents relate to aspects of floor panels having mechanically locking joints.

Pergo is a Swedish corporation having its principal place of business in Trelleborg, Sweden. Pergo is in the business of manufacturing, distributing and selling, outside the United States, products including laminated floor panels that are mechanically locking, i.e., may be joined together without the need for glue or other external connection means. Unilin is a Dutch corporation with its principal place of business in the Netherlands. Unilin is the assignee of the Unilin patents, and is a part of the Unilin Group, which is in the business of developing, manufacturing, distributing and selling laminate flooring products.

**3.     SCOPE OF DISCOVERY**

Pergo and Unilin agree that the subject matters that may be relevant to this action include:

- Conception, reduction to practice, first description in a document, and first disclosure to a person other than the inventors, of the subject matter claimed in the Pergo patents and the Unilin patents;

- Preparation and prosecution of the Pergo patents and the Unilin patents and any foreign counterpart patents and applications;

- Preparation and prosecution of any domestic or foreign patents or applications related to the Pergo patents and the Unilin patents, e.g., continuing applications, continuation-in-part applications, divisional applications or the like;

- Relevant information contained in other Pergo or Unilin patents or applications, both foreign and domestic, concerning mechanically locking joints;

- Prior art known by Pergo or Unilin concerning the subject matter of the Pergo patents or the Unilin patents;

- Evidence of prior invention of the inventions claimed by the Pergo patents and the Unilin patents;

- Third party communications and disclosures concerning the subject matter of the Pergo patents or the Unilin patents before or during prosecution, including communications between Pergo and Tony Pervan and/or Darko Pervan concerning the design and manufacture of mechanically locking laminate flooring panels; and

- The bases for Unilin's contentions, including those relating to claim construction, invalidity, and unenforceability of the Pergo patents.

Pergo and Unilin expect that discovery of third parties may be necessary, *e.g.*, of non-party inventors.

Pergo and Unilin do not intend for the above listing to be exhaustive.

**4.    DISCOVERY LIMITATIONS**

The parties believe that, consistent with the Federal Rules of Civil Procedure and the Local Rules, discovery in this case should be limited as follows:

- Maximum of 25 interrogatories (including discrete subparts and contention interrogatories) by each side, *see* Local Rule 26.2(b), but no limitation on requests for admission.

- Maximum of 40 hours of deposition tape time per side to be taken of the parties' fact witnesses, *see* Fed. R. Civ. P. 30(a)(2)(A), (d)(2); Pergo and Unilin shall meet and confer in good faith to accommodate any request for additional deposition examination time prior to involving the Court.

- All depositions of party employees and witnesses under the control of a party (collectively, "party witnesses") should take place in the jurisdiction of the party witness's principal place of business unless otherwise agreed by the parties. Any depositions of party witnesses taken outside of the United States shall be taken in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Columbia. If a party witness's principal place of business is located within a country that prohibits the taking of deposition under U.S. law, the deposition shall be taken in New York unless otherwise agreed by the parties.

- Maximum of 7 hours of deposition tape time for each expert report received to be taken of expert witnesses, allocated at the taking party's discretion without regard to the limit of 40 hours of deposition tape time for fact witnesses stated above. Pergo and Unilin shall meet and confer in good faith to accommodate any request for additional expert deposition examination time prior to involving the Court.

## 5. PROPOSED SCHEDULE

Unilin has moved the Court to consolidate this action with *Uniboard Canada, Inc. v. Unilin Beheer B.V.*, Civil Action No. 1:08-cv-00399-RCL (the "Uniboard Action"), also pending before this Court. If this action is not consolidated with the Uniboard Action, the parties jointly propose the following schedule:

| | Type of Discovery | Parties' Proposed Dates |
|---|---|---|
| | PHASE 1: DETERMINATION OF INTERFERENCE-IN-FACT | |
| 1A | Exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | September 12, 2008 |
| 1B | Except for good cause shown, motions to amend pleadings/join additional parties to be filed no later than | October 1, 2008 |
| 1C | Pergo identifies allegedly interfering patent claims | October 1, 2008 |
| 1D | Pergo serves preliminary interference-in-fact / two-way obviousness contentions | October 22, 2008 |
| 1E | Meet and confer regarding claim terms to be construed | December 5, 2008 |
| 1F | Parties exchange opening *Markman* patent claim construction briefs | January 23, 2009 |
| 1G | Parties exchange responsive *Markman* briefs | February 27, 2009 |
| 1H | *Markman* hearing | To be scheduled by the Court |
| 1I | Identification of experts | 60 days following *Markman* hearing |

|    | **Type of Discovery** | **Parties' Proposed Dates** |
|----|---|---|
| 1J | Exchange of briefs on interference-in-fact and accompanying expert declarations (testimony) | 60 days following the Court's ruling on *Markman* issues |
| 1K | Deadline for depositions (cross-examination) of experts | 30 days following Step 1J |
| 1L | Exchange of responsive briefs on interference-in-fact and accompanying expert declarations (testimony) | 30 days following Step 1K |
| 1M | Deadline for depositions (cross-examination) of experts | 30 days following Step 1L |
| 1N | Hearing on interference-in-fact | To be scheduled by the Court |
| PHASE 2: PRIORITY, VALIDITY AND ENFORCEABILITY ||||
| 2A | Pergo and Unilin identify asserted priority dates | 15 days following ruling on interference-in-fact |
| 2B | Exchange privilege logs | 7 days following Step 2A |
| 2C | Exchange of preliminary priority, invalidity and unenforceability contentions | 30 days following Step 2B |
| 2D | Service of affirmative expert reports on priority; Service of Unilin's affirmative expert report on invalidity and unenforceability; Service of any other affirmative expert reports by the party that carries the burden of proof. | 60 days following Step 2C |
| 2E | Deadline for depositions (cross-examination) of experts | 30 days following Step 2D |

- 6 -

|  | **Type of Discovery** | **Parties' Proposed Dates** |
|---|---|---|
| 2F | Service of rebuttal expert reports | 30 days following Step 2E |
| 2G | Fact and Expert discovery completed | 30 days following Step 2F |
| 2H | Exchange of final invalidity and unenforceability contentions | 15 days following Step 2G |
| 2I | Dispositive motions and Opening papers to be served and filed no later than | 30 days following Step 2H |
| 2J | Opposition papers to be served and filed no later than | 30 days following Step 2I |
| 2K | Reply papers to be served and filed no later than | 15 days following Step 2J |
| 2L | All Pretrial Submissions, including (1) the Joint Pretrial Order, and (2) Motions in Limine | 30 days following reply papers (Step 2K) or 30 days following decision of any dispositive motion, whichever is later |
| 2M | Trial Ready | 30 days after pre-trial submissions (Step 2L) or 45 days following decision of any dispositive motion, whichever is later; trial to be held on 48 hours notice |

**6.     LOCAL RULE 16(3)(C) MATTERS**

| 16(3)(C) Matter | Parties' Resolution |
|---|---|
| (1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion. | The parties do not feel that the case can be resolved by dispositive motion at this time, but anticipate that dispositive motions will be filed as discovery progresses. |
| (2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed. | The parties have set this date as October 1, 2008, and will confer on an ongoing basis regarding whether the factual and legal issues can be agreed upon or narrowed. |
| (3) Whether the case should be assigned to a magistrate judge for all purposes, including trial. | No party consents to trial by a Magistrate Judge. |
| (4) Whether there is a realistic possibility of settling the case. | The parties have undertaken significant efforts at settlement, but do not feel that settlement is possible at this time. The parties will advise the Court of the status of settlement discussions as appropriate. |

| 16(3)(C) Matter | Parties' Resolution |
|---|---|
| (5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:<br><br>(i) the client's goals in bringing or defending the litigation;<br><br>(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement<br><br>(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:<br><br>(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and<br><br>(bb) whether ADR should take place before or after the judicial resolution of key legal issues;<br><br>(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and<br><br>(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending. | At the present time, the parties do not believe this case is appropriate for ADR. |
| (6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions. | The parties do not feel that the case can be resolved by summary judgment or motion to dismiss at this time. The parties have incorporated dates relevant to dispositive motions into the scheduling order. |

| 16(3)(C) Matter | Parties' Resolution |
|---|---|
| (7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures. | The parties feel that Rule 26(a)(1) disclosures are appropriate and are scheduled to exchange them on September 12, 2008. |
| (8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions. | The parties have discussed the extent of discovery and have taken positions as explained above. The parties have initiated discussions concerning the extent, scope, and handling of electronic discovery and will endeavor to continue such discussions throughout the initial stages of discovery. The parties will cooperate to produce electronically stored information in mutually agreeable formats and media. The parties believe that it is not necessary to specify a particular format for production at this time. The parties have incorporated dates relevant to the completion of discovery into the scheduling order. The parties have initiated discussions concerning an appropriate Discovery Confidentiality Order and intend to present a stipulated Discovery Confidentiality Order to the Court for its consideration. |
| (9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur. | The parties have provided for the exchange of expert reports and taking of expert depositions in the scheduling order. |
| (10) In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision. | N/A |

| 16(3)(C) Matter | Parties' Resolution |
|---|---|
| (11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation. | Unilin has moved the Court to consolidate this action with the Uniboard Action and the parties have submitted briefing on this issue. If this action is not consolidated with the Uniboard Action, the parties have agreed on a phased schedule as laid out in Section 5 above. |
| (12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter). | The parties have coordinated the timing for all pretrial submissions and leave the selection of the date of the pretrial conference to the discretion of the Court. |
| (13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference. | The parties leave the selection of the trial date to the discretion of the Court. |
| (14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order. | The parties believe that all appropriate matters have been included in the proposed scheduling order. |

Dated:  August 15, 2008

        By:  /s/ Douglas R. Nemec
             Douglas R. Nemec
             Edward V. Filardi
             Rachel R. Blitzer
             James L. Leonard, Jr.
             SKADDEN, ARPS, SLATE, MEAGHER &
                FLOM LLP
             Four Times Square
             New York, NY 10036
             Telephone: (212) 735-3000
             Facsimile: (212)735-2000
             E-mail: dnemec@skadden.com;
                   efilardi@skadden.com;
                   rblitzer@skadden.com;
                   jaleonar@skadden.com

             and

             Richard L. Brusca
             D.C. Bar No. 366746
             SKADDEN, ARPS, SLATE MEAGHER &
                FLOM LLP
             1440 New York Avenue, N.W.
             Washington, D.C. 20005
             Telephone: (202) 371-7000
             Facsimile: (202) 393-5760
             E-mail: rbrusca@skadden.com

             *Attorneys for Plaintiff and Counterclaim*
             *Defendant, Pergo (Europe) AB*

By: /s/ Eugene L. Chang
Eugene L. Chang
John M. DiMatteo
Steven H. Reisberg
Leslie M. Spencer
David D. Lee
Fara S. Sunderji
Ketan Pastakia
WILLKIE FARR & GALLAGHER LLP
484 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
E-mail: echang@willkie.com;
jdimatteo@willkie.com;
sreisberg@willkie.com;
lspencer@willkie.com;
dlee1@willkie.com;
fsunderji@willkie.com;
kpastakia@willkie.com

David P. Murray
D.C. Bar No. 401158
WILLKIE FARR & GALLAGHER LLP
1845 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
E-mail: dmurray@willkie.com

*Attorneys for Defendant and Counterclaim Plaintiff, Unilin Beheer B.V.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| PERGO (EUROPE) AB ) <br> Strandridaregatan 8 ) <br> Box 1010 ) <br> 231 25 Trelleborg ) <br> Sweden, ) <br> ) <br>      Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNILIN BEHEER B.V. ) <br> Hoogeveenenweg 28 ) <br> 2913 LV Nieuwerkerk Ad Ijssel ) <br> Netherlands, ) <br>      Defendant. ) <br> ) | Civil Action No. 1:08-cv-00659 (RCL) |

---

**PROPOSED
SCHEDULING ODER**

The Court, having considered the parties' positions, hereby enters the following order regarding conduct of discovery and trial in this matter:

## **SCHEDULE**

Notwithstanding the deadlines set forth herein, any party may seek to amend the schedule for good cause shown.

|  | **Type of Discovery** | **Parties' Proposed Dates** |
|---|---|---|
|  | PHASE 1: DETERMINATION OF INTERFERENCE-IN-FACT | |
| 1A | Exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | September 12, 2008 |
| 1B | Except for good cause shown, motions to amend pleadings/join additional parties to be filed no later than | October 1, 2008 |
| 1C | Pergo identifies allegedly interfering patent claims | October 1, 2008 |
| 1D | Pergo serves preliminary interference-in-fact / two-way obviousness contentions | October 22, 2008 |
| 1E | Meet and confer regarding claim terms to be construed | December 5, 2008 |
| 1F | Parties exchange opening *Markman* patent claim construction briefs | January 23, 2009 |
| 1G | Parties exchange responsive *Markman* briefs | February 27, 2009 |
| 1H | *Markman* hearing | To be scheduled by the Court |
| 1I | Identification of experts | 60 days following *Markman* hearing |

|    | **Type of Discovery** | **Parties' Proposed Dates** |
|----|----|----|
| 1J | Exchange of briefs on interference-in-fact and accompanying expert declarations (testimony) | 60 days following the Court's ruling on *Markman* issues |
| 1K | Deadline for depositions (cross-examination) of experts | 30 days following Step 1J |
| 1L | Exchange of responsive briefs on interference-in-fact and accompanying expert declarations (testimony) | 30 days following Step 1K |
| 1M | Deadline for depositions (cross-examination) of experts | 30 days following Step 1L |
| 1N | Hearing on interference-in-fact | To be scheduled by the Court |
| | PHASE 2: PRIORITY, VALIDITY AND ENFORCEABILITY | |
| 2A | Pergo and Unilin identify asserted priority dates | 15 days following ruling on interference-in-fact |
| 2B | Exchange privilege logs | 7 days following Step 2A |
| 2C | Exchange of preliminary priority, invalidity and unenforceability contentions | 30 days following Step 2B |
| 2D | Service of affirmative expert reports on priority; Service of Unilin's affirmative expert report on invalidity and unenforceability; Service of any other affirmative expert reports by the party that carries the burden of proof. | 60 days following Step 2C |
| 2E | Deadline for depositions (cross-examination) of experts | 30 days following Step 2D |

|     | **Type of Discovery** | **Parties' Proposed Dates** |
| --- | --- | --- |
| 2F | Service of rebuttal expert reports | 30 days following Step 2E |
| 2G | Fact and Expert discovery completed | 30 days following Step 2F |
| 2H | Exchange of final invalidity and unenforceability contentions | 15 days following Step 2G |
| 2I | Dispositive motions and Opening papers to be served and filed no later than | 30 days following Step 2H |
| 2J | Opposition papers to be served and filed no later than | 30 days following Step 2I |
| 2K | Reply papers to be served and filed no later than | 15 days following Step 2J |
| 2L | All Pretrial Submissions, including (1) the Joint Pretrial Order, and (2) Motions in Limine | 30 days following reply papers (Step 2K) or 30 days following decision of any dispositive motion, whichever is later |
| 2M | Trial Ready | 30 days after pre-trial submissions (Step 2L) or 45 days following decision of any dispositive motion, whichever is later; trial to be held on 48 hours notice |

SO ORDERED

_____
The Honorable Royce C. Lamberth
United States District Court Judge

Date: _____